HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MS. JAY FRANK FISCHER,<br><br>    Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY WASHINGTON,<br><br>    Defendant. | CASE NO. C15-5156 RBL<br><br>ORDER DENYING IFP |

THIS MATTER is before the Court on Plaintiff Fisher's Application to Proceed *in forma pauperis*. [Dkt. #1] Fisher seeks to sue "Pierce County" for unlawfully and repeatedly removing her from various homeless shelters. She also claims that Pierce County is prosecuting her "unlawfully." She claims that there are 911 calls related to "harassment and physical assault."

She does not describe the person who did or who is responsible for any of these claimed violations of her rights. Indeed, she has not identified what rights she claims have been violated, or in what way. Fisher does demonstrate that she is indigent.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

1 | actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th

2 | Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed

3 | *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

4 | action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

5 | (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*

6 | complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.*

7 | *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

8 | 1984).

9 |       A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it

10 | must nevertheless contain factual assertions sufficient to support a facially plausible claim for

11 | relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

12 | *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A

13 | claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

14 | court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

15 | *Iqbal*, 556 U.S. at 678.

16 |       Plaintiff Fisher's proposed complaint does not meet this standard. First, Plaintiff has not

17 | identified or sought to sue any individual for "violating her §1983 rights."  The court reads this

18 | claim as a claim that someone violated her Constitutional rights, but she does not identify how

19 | that occurred.  She must name the person responsible for the alleged violation:

20 |       Generally, under § 1983, a *person* can be sued for constitutional violations
      committed *under the color of state law*. A state and its agencies are not a person
21 |       under § 1983.

22 | *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Fisher has not

23 | identified or articulated the "who what when where and why" of her factual allegations:

24 |

1  which defendant did what wrongful, actionable thing?  What is the basis for the relief
2  sought?
3      For these reasons, the application to proceed in forma pauperis is DENIED.
4  **Plaintiff shall pay the filing fee, or file a proposed amended complaint addressing**
5  **these deficiencies, within 21 days of this Order, or the matter will be dismissed**
6  **without further notice.**
7      IT IS SO ORDERED.

   Dated this 19th day of March, 2015.

                        RONALD B. LEIGHTON
                        UNITED STATES DISTRICT JUDGE