HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAY FRANK FISCHER,

          Plaintiff,

   v.

PIERCE COUNTY WASHINGTON,

          Defendant.

CASE NO. C15-5156 RBL

ORDER DENYING IFP

THIS MATTER is before the Court on Plaintiff Jay Frank Fisher's proposed amended complaint [Dkt. #4] and application to proceed *in forma pauperis* [Dkt. #6]  The case is one of five[1] proposed complaints Fisher has filed this month.  In this case, Fisher seeks to sue the Pierce County Superior and District Courts for deliberately or negligently "repeatedly issuing protection orders against her based on factless claims," which has caused her to be homeless and damaged her "already fragile reputation."

---

[1] The cases are: *Fisher v. Pierce County Superior Court*, Cause No. 15 cv 5156RBL; *Fisher v. Always Hope Taylor Housing*, Cause No. 15 cv 5212RBL; *Fisher v. American Laser*, Cause No. 15 cv 5213RBL; *Fisher v. The Salvation Army*, Cause No. 15 cv 5220RBL; and *Fisher v Tacoma Police*, Cause No. 15 cv 5221RBL.

ORDER DENYING IFP - 1

1  A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff Fisher's claim against the courts does not meet this standard. First, Fisher has not identified any basis for this court's jurisdiction over the claim or the defendants. She has not identified the basis of any claim against the court, or alleged any constitutional claim. Neither Court is a person for purposes of a §1983 claim (the only statute referenced in the complaint). Generally, under § 1983, a *person* can be sued for constitutional violations committed under the

color of state law. A state and its agencies are not a person under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Additionally, a plaintiff cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

Finally, the Pierce County court officers (judges) who actually signed the protection orders are entitled to judicial immunity. See *Pierson v Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978) (Judges enjoy absolute judicial immunity from civil suit for judicial acts taken within the scope of their jurisdiction).

For these reasons, the Motion to proceed *in forma pauperis* is DENIED. Plaintiff shall pay the filing fee or file an amended complaint addressing these deficiencies within 21 days of this Order or the case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 28th day of April, 2015.

	RONALD B. LEIGHTON
	UNITED STATES DISTRICT JUDGE